## W. B. & M. C. PRESTON *vs.* A. H. HARRIS.

Where A. owes B., and C. sues B. in an action by attachment, and summons A. upon a writ of garnishment as a debtor of B., and at the proper time A. files his answer, setting forth his indebtedness to B., who in the mean time sues A. on his indebtedness to him, and the suit of C. against B. is determined in favor of B. before the suit of B. against A. is tried; but when it comes up for trial, A. permits B. to take judgment against him. After judgment is rendered against A. in favor of B., then C. prosecutes a writ of error to this court upon the judgment rendered against him, in the suit against B., in which A. is summoned as a garnishee, which is still pending; and B. having sued out an execution on the judgment against A., he files a bill to enjoin said execution and judgment until it shall be determined whether B. or C. is entitled to the money. *Held*, that this is a proper remedy until the final disposition of the suit of C. against B.

IN error from the circuit court of Kemper county; Hon. John Watts, judge.

The opinion of the court contains the facts of the case.

*Jarnagen & Jones*, for appellants.

*Baldwin*, for appellee.

Mr. Justice FISHER delivered the opinion of the court.

This was a bill filed by the plaintiffs in error on the chancery side of Kemper circuit court.

The facts are these. W. B. & M. C. Preston were indebted to A. H. Harris in the sum of $350, by two bills of exchange. Before the debt was due, one Elisha Moseley commenced a

suit in Kemper circuit court, by attachment against the said Harris, and summoned Prestons to answer as garnishees what amount they were indebted to Harris. They at the proper time filed their answer, stating that they were indebted according to the tenor and effect of said bills of exchange; upon which Harris in the mean time had also commenced suit against them in Kemper circuit court.

The suit of Moseley against Harris was tried, and determined in favor of the defendant therein, before the suit of Harris against Prestons was reached on the docket, by reason of which they were not allowed to make their defence of the garnishment at law; and having no other defence, permitted Harris to take judgment, when said cause was called on the docket.

After the rendition of said judgment, Moseley prosecuted a writ of error to the judgment rendered against him in the suit against Harris, which, according to the bill, is still pending in this court. Harris, having sued out an execution on the judgment against Prestons, they filed their bill to enjoin such execution, till it shall be determined whether Moseley or Harris will be entitled to said money. The defendant to the bill filed a demurrer to the same, which was sustained by the court; from which judgment a writ of error has been prosecuted to this court.

Harris's right to collect the money on his judgment against the complainants, must depend upon the final determination of Moseley's suit against him. The action by attachment against him, and by garnishment against the complainants, operated as a conditional assignment of the bills of exchange to Moseley, dependent upon the result of his suit against Harris. The complainants could not make their defence at law, because the suit of Moseley had been decided against him; and the conditional assignment of the bills, by operation of law, was thereby cancelled. The writ of error, however, reinstated the suit, and revived, in another court, the original proceedings, thereby reviving the conditional assignment.

The defence against the judgment at law of course is conditional; but it is at the same time a good defence till the fact

shall be ascertained who is entitled to the money, or the suit of Moseley shall be disposed of. The bill was, therefore, a proper remedy till the final disposition of said suit, and the demurrer should have been overruled.

Decree reversed, and cause remanded.