## WILEY BANKS & Co. *v.* JOHN H. MACHEN and WM. AYERS, Administrators of H. L. MACHEN, deceased.

1. EXECUTORS AND ADMINISTRATORS: ALLOWANCE TO, FOR LOSSES BY FIRE AND OFFSETS TO DEBTS: LEASE IN JUDGMENT.—The Probate Court of Tippah county allowed to M., administrator of M., in his final account, a credit of $2,000 "for losses by fire and offsets to debts." The testimony showed that "there was not much money burnt," and no evidence on the subject of offsets. Held—That the evidence was not sufficient to sustain the allowance.

2. EXECUTORS AND ADMINISTRATORS: WHEN LIABLE FOR INTEREST.—"If an ad-

Banks et al. *v.* Machen et al.

ministrator render no account of money received by him, as part of the assets of the estate, and there be no necessity for his retaining it, he will be liable for interest on the amount so received and retained;" "or if he report an amount in his hands, which he alleges is not necessary to pay debts, and asks to distribute the same, which is granted, and he fails to make distribution, he will be chargeable with interest on the same." *Cason* v. *Cason*, 31 Miss. 579; *Brandon* v. *Hoggatt*, 32 Miss. 335.

3. EXECUTORS AND ADMINISTRATORS: WHEN LIABLE FOR DEBTS NOT COLLECTED.— If an administrator, by negligence or maladministration, fail to collect debts due the estate of his intestate, he will be chargeable with the amount of said debts, with all interest thereon.

ERROR to the Probate Court of Tippah county. Hon. B. F. Worsham, judge.

Letters of administration were granted to defendants in error upon the estate of H. L. Machen, deceased, at the February Term, 1853, of the Probate Court of Tippah county.

Report of notes and accounts, made to said Term, shows due estate, good debts, $6,071.72; doubtful debts, $1,068.07; desperate debts, $122.61: in all, $7,262.40.

Report of sales of personal property made on credit of nine months from the 4th April, 1853, $5,163.90.

Estate reported insolvent, February 21, 1854, and subsequently so declared. Amount of good assets, omitting doubtful and desperate debts, admitted at the time of report, $11,235.62. Debts against estate, $13,761.11.

Final account filed July 20, 1859, of which following is a copy:

JOHN H. MACHEN & WM. AYERS, DR.

TO ESTATE OF H. L. MACHEN.

To amount of claims belonging to estate at death of
H. L. Machen, good, doubtful, and bad,........$7,202 40
To amount sales personal property,............... 4,798 42

Total,...........$12,000 82.

*Cr.*

By amount paid Probate Court, cost,.......$81 00
"   "   Ripley Advertiser,........45 00

Carried forward,............$126 00

```
        Brought forward,...................126  00
By amount commissions, 7 per cent.........840  00
    "        "    judgments paid by us,......746  29
    "        "    lost by fire, bad debts, etc.  6,000  00
                                                ─────────
                    Total,.............$7,712  29
        Cash on hand,....................4,287  53
                                                ──────── $12,000  82
```

The following exceptions to final account filed August 10, 1859:

Ex. 5. That administrators did not charge themselves with interest, neither that actually collected by them, nor for that accruing on the money, after it went into their hands.

Ex. 9. That Administrators demanded allowance for loss by fire and bad debts, when, if such loss accrued, it was by their own gross negligence and inattention.

Ex. 10. That no specific loss of bad debts is shown to enable plaintiffs in error, who are creditors of the estate, to inquire into the facts.

Other exceptions were filed, but not insisted on in this court.

William Ayers, (one of the defendants in error), Thomas Thoombs, John T. Courts, and Thomas Ray, testified in substance that in March, 1855, a fire occurred in Salem, in which all the books and papers of the estate were consumed. Some money was burnt, but not much; that nearly all the money collected by the administrators was before this fire; only one hundred and twenty-five dollars collected since; that the administrators had brought no suits against any one since the fire; that after the fire witness Ayers had obtained from the clerk's office the original inventory of debts and the report of sales, and had them still in possession; that most of the money of the estate had, since it had been collected, been used by his coädministrator Dr. Ayers, both of whom had demands against the estate; that the administrators had received interest on the debts collected by them, but did not know how much. It was their practice to collect all the interest that was due, when they collected the principal.

Final decree, at the November Term, 1859, allows defendants in error "for losses by fire, and offsets to debts reported good," the sum of $2,000, and makes no charge against them either for interest collected, nor for the use of the money while in their hands. The allowance made to defendants in error of the sum of $2,000, and the failure of the court to charge them with interest, are the errors assigned.

*Orlando Davis,* for plaintiffs in error, contended,

1. That there was not a particle of testimony that any debtor of the estate held any offset to a debt reported as good. There was no testimony at all upon the subject of offsets. It was therefore gratuitous in the judge to relieve the administrators of any portion of their liabilities on this ground.

On the subject of "losses by fire" there is some testimony, but it shows "that there was not much money burnt," and the notes and accounts destroyed could have been easily supplied by the original inventory and report of sales.

2. That an administrator is bound to account, in his final settlement, for all the property of his intestate returned in his inventory, unless he shows a sufficient excuse for its non-production. *Boygan* v. *Walter,* 12 S. & M. 666. He is chargeable with all demands due the estate, and reported to the court, unless he shows that he had used reasonable diligence and failed to collect them. *Cole* v. *Leake,* 27 Miss. R. 768; *Bailey* v. *Dilworth,* 10 S. & M. 409.

3. That the administrators are not charged with interest on funds actually retained by them for years, nor are they charged with interest shown by the testimony to have been collected by them. The following authorities settle clearly and definitely that this was erroneous. *Kerr* v. *Laine,* 27 Miss. R. 544; *Cason* v. *Cason,* 31 Miss. R. 596, 597; *Brandon* v. *Hoggatt,* 32 Miss. R. 335.

*Green* and *Stricklin,* for defendants in error. No brief filed.

HARRIS, J., delivered the opinion of the court.

The errors complained of in this record, arise out of the action of the Probate Court on the final settlement of the defendants in error, as administrators on the estate of H. L. Machen, deceased.

The first error assigned is that the court allowed the administrators a credit of $2,000 for losses by fire and offsets to debts reported as good.

The second error assigned is that the court refused to charge the administrators with interest, collected by them on claims due the decedent at his death and on notes taken by them for the sale of personalty after his death, or on notes and claims for which, by reason of their negligence and maladministration, they are chargeable.

As to the first assignment, the decree of the court shows an allowance "for losses by fire and offsets to the debts reported as good," the sum of $2,000. There is no evidence in the record on the subject of offsets, nor does it appear in the remotest way what is meant by "offsets to debts reported good." Nor is there any evidence in the record justifying the large allowance of $2,000 for losses by fire; the evidence shows that "not much money was burnt," and it may well be questioned from the testimony whether any was burned. This allowance, so far as we can judge from the record, was therefore grossly erroneous, for there can be no pretence that it was founded on the notes, accounts, or other evidences of debt which may have been consumed by the fire; these had all been returned to the Probate court, and were easily ascertained and recovered by the least diligence, even if such originals were destroyed.

The second assignment relates to the refusal of the court to charge the administrators with interest on notes actually collected by them, including the principal and interest.

On this point the cases of *Cason* v. *Cason*, 31 Miss. R., page 597, and *Brandon et al.*, v. *Hoggatt*, 32 Miss. R., page 335, are conclusive so far as the case is presented by this record. And it is equally clear that if, by the negligence or maladministration of the administrators, they have failed to collect the debts due the estate of their intestate, and have thereby become charge-

able with such *debts*, they are also chargeable with all interest due thereon, and upon such proof the court should so decree.

For these errors the decree of the court below will be revised and the cause remanded for further proceedings in accordance with this opinion.