## K. S. MOFFATT VS. J. A. LOUGHRIDGE.

1. ADMINISTRATOR'S FINAL ACCOUNT: *Commissions — Confederate Money.*
    Where the administrator returned an inventory of a large amount of insolvent notes and accounts, upon which nothing was ever realized for the estate, it would be inequitable to allow the administrator 5 per cent. on the original inventory. Where the administrator sold effects of the

estate, and took confederate money in good faith, and did not use it for his own purposes, or mix it with his own funds, but kept it as a separate fund, and could not pay it out either to creditors or distributees, the administrator is not responsible for the loss. If the administrator used the money, or might have applied it to pay creditors, and did not do so, then, he ought to be charged with the value, compared with the currency of the day.

2. — *Failure to collect debts due the estate — Negligence.*

Where the administrator fails to collect the assets of the estate, the rule is, if the debt is lost by negligence, or want of diligence, the administrator is responsible. A reasonable time will be allowed for collection, then the presumption arises that he did collect, or ought to have done so, and he can exonerate himself only by showing a failure after the use of proper diligence.

3. Same: *Garnishment — Assignment of judgment — Assignee a creditor.*

Where M. was garnisheed as a supposed debtor of L., administrator, against whom a judgment had been rendered, and after service of the garnishment process on M., he purchased the judgment, and had it assigned to him. *Held,* that he is a creditor of the estate. A garnishee stands very much in the place of a trustee, and is bound to protect, by appropriate steps, the rights of all parties to the credits attached.

APPEAL from the Chancery Court of *Chickasaw* County.

Hon. W. D. FRAZEE, Chancellor.

The facts in this case, necessary to a full understanding of the case, are set out in the opinion of the court.

The following is assigned for error:

1. The court erred in overruling the exceptions of K. S. Moffatt, creditor, etc., to the report of Allen White, commissioner, etc.

2. The court erred in confirming the report of Allen White, commissioner, and discharging J. A. Loughridge, administrator of the estate of H. Kunath, deceased.

*J. W. Buchanan,* for appellants.

*Martin & Bates,* for appellees.

SIMRALL, J., delivered the opinion of the court.

K. S. Moffat, claiming to be a creditor of the estate of Henry Kunath, deceased, instituted suit in the chancery court against J.

A. Loughridge, administrator, to account for the assets of the estate in a final settlement.

The accounts submitted by the administrator were referred to a commissioner, with instructions to take testimony. Exceptions were taken to this report, and it, with the papers in connection with it, and the account of the administrator, were referred to Mr. White, special commissioner.

White returned into court a restated account, charging him with $64.57, and crediting him with one hundred and sixty-four dollars and thirty-eight cents ($164.38), which would leave a balance due the administrator of $99.81.

The complainant excepted on various grounds :

1. Because the administrator was not charged with several sums, amounting to $200.

2. Because he was not charged with solvent credits, which he could have collected, but which were lost from negligence.

3. Because he was not charged for the sale of effects.

4. Because of excessive allowance for commissions, viz, $150.

The intestate died in 1861, and left an estate worth about $3,000, consisting of watches, jewelry, silver ware, the tools and implements of a silversmith, and notes and accounts. In September, 1861, the administrator obtained an order to sell the goods and wares on twelve months credit, at private or public sale, as he thought best. No report of this sale was of record. The administrator, however, claimed that he made such report, but that it was destroyed ; he exhibited what he insists is a duplicate, showing that the effects brought over eleven hundred dollars, collected, as he says, in confederate money, which has perished in his hands.

The schedule of notes and accounts amounts to about $1,800. Of these the witnesses say that from seven to eight hundred dollars, or thereabouts, could have been collected by the use of diligence.

There was testimony tending to prove that the administrator had collected small debts in other than confederate money. And

also that he had appropriated to his own use a gold watch worth from $130 to $140.

During the progress of the suit, the administrator, under a license of the court, sold the schedule of the debts due the estate for twenty-five cents, and two show cases for about $15.

It would seem that the administrator was relieved from responsibility on account of the claims due the estate, on his allegation, in his answer, that they were insolvent.

The rule on that subject has been frequently declared in this court. If the debt is lost by negligence or want of diligence, the administrator is responsible. Banks v. Machen, 40 Miss., 256. A reasonable time will be allowed for collection; then the presumption arises that he did collect, or ought to have done so; and he can exonerate himself only by showing a failure after the use of proper diligence. Gordon v. Gibbs, 3 S. & M., 473; Cole v. Leake, 27 Miss., 777.

The testimony shows that a considerable part of these debts could, by use of diligence, have been collected. The new action of the administrator does not excuse him. He should have been charged with so much as was lost to the estate by his fault.

As to the confederate money collected from purchasers of the effects, the measure of the liability of the administrator should be adjusted so as to do justice, as far as may be, to all concerned. If received in good faith, and not used by the administrator for his own purposes, nor mixed with his own money, but was kept reserved as a separate fund, and could be paid to neither creditors nor distributees, then within the meaning of the act of 1865, p. 142, pamphlet, and the case of Williams v. Williams, 43 Miss., 436, the administrator is not responsible. If, however, the administrator used the money, or might have applied to pay creditors, and did not do so, then he ought to be charged with the value compared with the currency of the day. Williams v. Campbell, 46 Miss., 61.

The testimony tends to show that the defendant appropriated to his own use a gold watch.

It would be inequitable in this case to allow to the administrator commissions on the nominal value of estate, as shown by the schedule of debts and inventory of property, at the rate of five per cent. Loughridge set up in his answer that the complainant is not a creditor of the intestate, and therefore has no right to vex him with this litigation.

It is not disputed that the complainant is assignee of the judgment recovered against Loughridge as administrator; but the objection is, that Loughridge had been served with garnishment proofs at the suit of the creditor of the complainant's assignor, and had actually filed his answer before notice of the assignment. The objection rests upon the predicate of law, that in these circumstances the debt became due to the garnisheeing creditor; and that the want of notice defeated the complainant's right. The converse was ruled in the early case of Oldham v. Ledbetter, 1 How. (Miss.), 45, 46, 47. It was said that the garnishee stood very much in the place of a trustee, and was bound " to protect, by appropriate steps, the rights of all parties to the credits attached." If the credit was transferred to the conventional assignee first, his right was complete, and nothing would displace short of payment, before notice of assignment to the garnisheeing creditor. In the case cited, the court use the strong language : " If, after notice, though execution may have been awarded against him, he shall satisfy the judgment, it will be in his own wrong, and constitute no valid defense to the claim of the assignee." A court of equity has ample power, in proper cases, to protect the garnishee against the contingency of paying twice. Preston v. Harris, 24 Miss., 247.

It is plain that Loughridge is not protected by the garnishment proceedings, against the superior right of the complainant.

The complainant states that the notice was given before the proofs issued. Loughridge says that it was after he filed his answer; but does not say that it was before judgment upon it, or that it was too late to have filed an amended answer.

He certainly had information before payment, if indeed he has

ever paid the judgment. He had knowledge in ample time to have protected himself by suit in equity, if not in time to have made defense at law.

For the errors indicated, the decree is reversed, the exceptions to the report of the commissioner White are sustained, and the cause is remanded for a restatement of the account on the principles hereinbefore stated.