Belle F. McWilliams and Husband v. J. P. Norfleet et al. and J. P. Norfleet et al. v. Belle F. McWilliams and Husband.

1. Guardian's Bond. *Sureties on new bond. Extent of their liability. Sect. 1212, Code 1871, construed.*

Sect. 1212 of the Code of 1871 provides that "the sureties of any guardian who apprehend danger or pecuniary loss by reason of such suretyship may apply to the chancellor having jurisdiction, by petition and on convincing the chancellor, in term time, that such danger really exists an order shall be made requiring such guardian to give another bond within a reasonable time to be named by the court in default of which, he shall be removed from office and another guardian appointed. If the new bond be given the sureties on the former bond shall be liable thereon, except as to all acts of the guardian up to the time of executing the new bond." Where a new bond was required of a guardian under this section, the sureties thereon are liable only for defaults of the guardian occurring after the execution of such bond.

2. Same. *New one voluntarily tendered. Summons and precedent order. Chancery jurisdiction. Practice.*

Where a guardian appeared in open court and voluntarily tendered a new bond, which was by the chancellor approved, the necessity for a summons and a precedent order as required by the section above quoted is dispensed with. He merely did voluntarily what the court, having jurisdiction of the person and the subject-matter, might have compelled him to do, of its own motion, when made acquainted with the existence of those circumstances declared by the statute to be good ground for such requirements.

3. Same. *New bond. Presumption as to circumstances of execution.*

Where a new bond has been tendered by the guardian and approved by the chancellor and the record is silent as to the existence of those circumstances which would authorize the court to compel its execution or to accept it when tendered, the existence of such circumstances will be presumed.

4. Same.   *Deceased surety.   Probation of claim against estate thereof.*
   A claim based upon the obligation of a surety on a guardian's bond is not such
   a demand against the estate of such deceased surety as is required to be pre-
   sented and probated.

Appeal and Cross-Appeal from the Chancery Court of
Marshall County.

Hon. A. B. Fly, Chancellor.

The case is stated in the opinion of the court.

*R. S. Stith*, for B. F. McWilliams and husband, appellants
and appellees.

The Chancery Court had full and ample jurisdiction of the
subject-matter of this new bond, and of its own mere motion
to take it without the institution of any proceedings by the sure-
ties on the former bond, or by any party in interest.   The
court, in such matters, represents the ward, and it is its duty
at all times to see that the ward's rights are properly pro-
tected and secured.   Const., Art. VI., sect. 16, p. 29 ; Code
1880 ; Code of 1871, sects. 974, 976, 1211, 1212 ; *Powell* v.
*Burrus*, 35 Miss. 605, 615, 616, 617 ; *Ward* v. *The State*, 40
Miss. 108 ; *Marshall* v. *Hamilton*, 41 Miss. 229, 233, 234 ;
*Clark* v. *Niles*, 42 Miss. 460, 462, 463, 464 ; *The State* v.
*Hull*, 53 Miss. 626, 644, 645 ; *Burrus* v. *Burrus*, 56 Miss. 92, 99,
100, 101 ; *Pinkstaff* v. *The People*, 59 Ills. 148 ; *Glenn* v. *Wal-
lace*, 4 Strobk. Eq. 149 ; *Sayers* v. *Cassell*, 23 Gratt. 525, 526,
531, 532 ; *Potter* v. *The State*, 23 Ind. 550.   But it is said
that the court had no jurisdiction, because no steps had been
taken to require a new bond, and no order was previously
made to that effect ; but that the guardian appeared before the
court with the sureties and tendered the new bond, which the
court merely approved, accepted and ordered to be filed and
recorded ; and that, therefore, the whole proceeding was *coram
non judice* and void.   This conclusion, from the premises,
is, in our judgment, a most manifest *non sequitur*.   We have
shown that the court had ample jurisdiction of the subject-
matter.   Did it have jurisdiction of the person?   The power
to issue process and to compel a compliance with the law, or

obedience to the order of the court, is to prevent a failure of justice ; to force the unwilling and the negligent to perform their duty.   It never was intended to prevent the obedient and law-abiding from voluntarily performing that duty, or to render it nugatory when so performed.   Hence jurisdiction of the person may be acquired as well by voluntary appearance as by process.   *Pollock* v. *Buie*, 43 Miss. 140 ; *Byrne* v. *Jeffries*, 38 Miss. 533 ; *Riggs* v. *McCrosky*, 9 Smed. & M. 107 ; *Ex parte Fuller*, 1 Sandf. Ch. 243, Freem. on Judg., (3d ed.) sect. 119 ; *The State* v. *Hull*, 53 Miss. 626.   The moment the guardian appeared and tendered a new bond, it became a duty, incumbent upon the court, and which it could not escape, to determine the necessity and propriety of the matter, and act accordingly.   We refer also to the following cases : *Byrne* v. *The State*, 50 Miss. 688 ; *Taylor* v. *The State*, 51 Miss. 79 ; *Lewenthall* v. *The State*, Ibid. 645 ; *French* v. *The State*, 52 Miss. 759 ; *Harris* v. *The State*, 55 Miss. 50 ; *James* v. *The State*, 55 Miss. 57 ; *Sooy Ads.* v. *The State*, 38 N. Y. 324.   The court having jurisdiction, it must be conclusively presumed, in a collateral proceeding, that its judgment on the facts is correct ; that it was founded upon sufficient proof.   To this effect the authorities are almost unbroken.   We cite the following : *Gildart's Heirs* v. *Starke*, 1 How. (Miss.) 450, 453, 454 ; *Pollock* v. *Buie*, 43 Miss. 140, 151 ; *Gray's Admr.* v. *Harris*, 43 Miss. 421, 422, 427 ; *Byrd* v. *The State*, 1 How. (Miss.) 163, 173 ; *Duncan* v. *McNeill*, 31 Miss. 705, 706 ; *Lee* v. *Bennett*, 31 Miss. 119, 128 ; *Henderson* v. *Winchester*, 31 Miss. 290, 294, 295 ; *Hutchins* v. *Brooks*, 31 Miss. 430, 432 ; *Cason* v. *Cason*, 31 Miss. 578, 590–595 ; *Singleton* v. *Garrett*, 23 Miss. 195 ; *Wall* v. *Wall*, 28 Miss. 409 ; *Taylor* v. *Webb*, 54 Miss. 36, 39, 44 ; *Christian* v. *O'Neal*, 46 Miss. 669, 675 ; *Parisot* v. *Green*, 46 Miss. 747, 750 ; *Roach* v. *Martin's Lessee*, 27 Am. Dec. 746, 755, *et seq.* ; *Kinnier* v. *Kinnier*, 45 N. Y. 535 ; or 6 Am. 132, 134 ; *Voorhees* v. *Bank of U. S.*, 10 Pet. 472, 473.   The bond sued on is a cumulative security, and binds

the sureties for all acts of the guardian, both before and after its execution. As to the third and last point involved in this case, is Mrs. McWilliams, by her failure to have her claim probated and registered against the estates of the deceased's sureties on the guardian's bond precluded from prosecuting her claim against said estates. We hold that she is not, on two grounds. First, the Code of 1880 does not apply, as all of said sureties died long before said Code took effect, and the one year for registration had long before expired; and this bond, as the law stood then, was in a constant state of presentation. The duty of again presenting and registering was not intended to be revised by the Code of 1880, as to such administrations, but its operation is prospective only. *Brown* v. *Hill,* 4 Cush. 643 ; *Branch Bank of Ala.* v. *Rheu,* 8 Geo. 110 ; *Ellis* v. *Carlisle,* 8 Smed. & M. 552 ; *Helm* v. *Smith,* 2 Smed. & M. 453 ; *Gordon* v. *Gibbs,* 3 Smed. & M. 473 ; *Pickett* v. *Ford,* 4 How. 246.

*R. S. Stith,* also made an oral argument.

*Fant & Fant,* on the same side.

Authorities need not be cited to show that a party may do voluntarily that which he may be compelled by law to do. But that the voluntary appearance of the guardian and his sureties into court and tendering the bond which was then and there approved by the court was sufficient to confer jurisdiction, we refer to and cite : *McCrosky* v. *Riggs,* 9 Smed. & M. 107 ; *Gwinn* v. *Williams,* 27 Miss. 324 ; *Frisbee* v. *Harrison,* 30 Miss. 452 ; *Hardy* v. *Gholson,* 26 Miss. 70 ; *Stevens* v. *Richer,* 1 How. (Miss.) 523 ; *Young* v. *Rankin,* 4 How. (Miss.) 27 ; *Henderson* v. *Hamer,* 5 How. (Miss.) 525 ; *Graves* v. *Fulton,* 7 How. (Miss.) 592 ; Freem. on Judg., sect. 119 ; *Scherling* v. *Scites,* 41 Miss. 644, which was an appearance by attorney.

We conclude then it was a court of competent and general jurisdiction,— jurisdiction of subject-matter and person,— that it rendered a judgment, and required the guardian to give a new bond ; the bond was executed ; no appeal ever prayed or taken

and therefore, the judgment rendered, in the very nature of things, is not void, and no appeal having been taken, it cannot be collaterally attacked or called in question.  And it is not necessary that the jurisdictional facts, or facts on which the court based its action shall be a matter of record. — *Duncan McNeill*, 31 Miss. 704 ; *Pollock* v. *Buie*, 43 Miss. 140 ; *Wall* v. *Wall*, 28 Miss. 409 ; *Moore* v. *Ware*, 51 Miss. 206 ; *Cannon* v. *Cooper*, 39 Miss. 784 ; *Voorhees* v. *Bank*, 10 Pet. (12 Curt. 193 ;) *Grignon* v. *Astor*, 2 How. (15 Curt. 125) ; Freem. on Judg. (3d ed.), sect. 118, *et. seq; Cason* v. *Cason*, 31 Miss. 592, 593 ; *Gray* v. *Harris*, 43 Miss. 421.

As to the evidence on which a court of competent, general jurisdiction bases its judgment in every case, it need not be shown by the record in order to give validity to its judgment. And every act of competent jurisdiction shall be presumed to have been rightly done till the contrary appears.  *Cason* v. *Cason*, 31 Miss. 592, 593 ; 10 Pet., and other cases cited. Judgment can never be void when the court which rendered it had jurisdiction over the suit brought to obtain it, and a right to decide whether the demand be legal, and enforceable or not.  *Arnold* v. *Shields*, 5 Dana, 18 ; 30 Am. Dec. 669, 674.

*R. T. Fant*, of Fant & Fant, argued the case orally.

*J. W. C. Watson*, for J. P. Norfleet et al., appelles and appellants.

It is held in Virginia that whenever an appointment is there made of an administrator or guardian, and the appointee gives bond which enables him to get into possession of the property of the estate or ward, the bond given is good, though the appointment is void, and the sureties are bound by such bond. *Andrews* v. *Avery et al*, 14 Gratt. 229.  But in this State, the doctrine held is just the reverse.  *Wright* v. *Beck*, 10 Smed. & M. ; *Thomas* v. *Burrus*, 23. Miss. 550, 556, 557 ; *Boyd* v. *Swing*, 38 Miss. 182 ; *Byrne* v. *The State*, 50 Miss. 688 ; *Taylor* v. *The State*, 51 Miss. 79 ; *Cooper* v. *The State*, 53 Miss. 615 ; *Lewenthal* v. *The State*, 51 Miss. 645 ;

*Harris* v. *The State*, 55 Miss. 50; *James* v. *The State*, 55 Miss. 57; *Matthews* v. *The State*, 57 Miss. 1; *Harney* v. *The State*, 57 Miss. 863; *Ward* v. *The State*, 40 Miss. 108; *The State* v. *Hull*, 53 Miss. 626; *Bartlett* v. *The State*, 30 Miss. 624; *DeSoto County* v. *Dickson*, 34 Miss. 151.

The Code of 1871 was in force at the date of the bond now in question and sects. 1210, 1211 and 1212 of that Code conferred upon the Chancery Court its entire power touching guardians after their appointment and qualification and in regard to a new bond, or additional security, and it is submitted that under these sections no authority can be found validating the bond in question by virtue of the action of the court in regard to it. 29 Ala. 510 520, 551; *Thornton* v. *Boyd*, 25 Miss. 598; *Matthews* v. *The State*, 57 Miss. 1; *Fant* v. *McGowan*, 57 Miss. 779; *Thomas* v. *Burrus*, 23 Miss. 550; *Boyd* v. *Swing*, 38 Miss. 182.

*J. W C. Watson*, also argued the case orally.

*J. H. Watson*, on the same side, also argued the case orally.

Cooper, J., delivered the opinion of the court.

In 1869 Roberts was appointed guardian of Belle F. Means (now Mrs. McWilliams) by the Probate Court of Marshall County, and gave bond, qualified, and entered upon the discharge of his duties. On the 7th day of April, 1873, the Chancery Court of Marshall County (in which the guardianship was pending) made the following order : " This day, W. A. Roberts, guardian of Emma G., Belle F. and Eula Means, came into court and tendered a new bond as guardian as aforesaid, with R. O. Woodson, Jas. S. Potts, W. S. Puryear, John D. Fennell, J. P. Norfleet, and J. R. Dougherty sureties therein, in the penalty of twenty-two thousand dollars ; and said sureties having been justified according to law it is ordered that said bond be filed, approved and recorded, and that the sureties on the former bond be and they are released from

all liability thereon, except as to all acts of the guardian up to this time.''

This is a proceeding by Mrs. McWilliams against the sureties on this bond and the guardian for a settlement of the accounts of the guardian touching her estate.

The chancellor, by an interlocutory decree for an account, held that the bond was obligatory upon the sureties for all acts of the guardian after its execution. This is assigned for error by the sureties. He also held that as to any default of the guardian, prior to the execution of this bond, the sureties were not liable, and this is assigned for error by Mrs. McWilliams. Appeals were granted from this interlocutory decree that the principles governing the case might be settled by this court.

For the sureties it is contended that the bond is not good as a statutory bond, first, because it was not required by the court, but was voluntarily tendered by the guardian ; secondly, because the record does not show the existence of those circumstances which authorized the court either to compel its execution, or to accept it when tendered. It is also said that it is not good as a common-law obligation for want of a sufficient consideration.

We think the bond is obligatory as a statutory bond. Sections 1211 and 1212 of the Code of 1871, under which it was executed, were as follows : 1211. '' Should the sureties of any guardian become insufficient at any time, or be in failing or dubious circumstances, and the chancellor have knowledge thereof, it shall be his duty at once to summon the guardian to appear and give a new bond with good security.'' 1212. '' The sureties of any guardian, who apprehend danger of pecuniary loss by reason of such suretyship, may apply to the chancellor having jurisdiction, by petition, and on convincing the chancellor, in term time, that such danger really exists, an order shall be made requiring such guardian to give another bond, within a reasonable time, to be named by the court, in default of which, he shall be removed from office, and another

guardian appointed.   If the new bond be given, the sureties on the former bond shall not be liable thereon, except as to all acts of the guardian up to the time of executing the new bond.''

The court had jurisdiction of the subject-matter and of the person; it could of its own motion require the execution of a new bond whenever knowledge was communicated to it of the existence of those circumstances declared by the statute to be ground for such requirement; and of their existence it was the judge.   By the appearance of the guardian, it was made unnecessary to summon him, and by the offer of the bond by him, it was made unnecessary for the court to require its execution by a precedent order; he voluntarily did what the court might have required him to do, and what we must assume it would have compelled him to do but for his voluntary action.   Neither he nor his sureties can now say that the bond is invalid because of the absence of the order, which he then waived by his conduct, *volenti fit non injuria.* *Sayers* v. *Cassell*, 23 Gratt. 555; *Potter* v. *The State*, 23 Ind. 550; *Sebastian* v. *Bryan*, 21 Ark. 447; *Elam* v. *Barr*, 14 La. An. 671.

We are not to be understood as deciding that because the guardian voluntarily appeared and tendered a bond, therefore the court would have had authority to accept it in the absence of the statute; his appearance gave jurisdiction of his person, the statute gave jurisdiction of the subject-matter.   If it be admitted that the court could not order the execution of the new bond, except under the circumstances named in the statute, we think it is well settled by principle and authority that the record is sufficient to give validity to the bond.   Whether the facts existed which rendered the requirement of a new bond proper was to be determined by the court, and from the fact that the bond was required or approved and accepted, we must presume that a proper case was shown for the action.   Where the power to determine exists and is exercised, it is to be presumed that the facts upon which

the court acted were sufficiently established.    *Cason* v. *Cason*,
31 Miss. 587; *Hutchins* v. *Brooks*, Id. 430: *Duncan* v.
*McNeill*, Id. 704; *Cannon* v. *Cooper*, 39 Miss. 784; *Pollock*
v. *Buie*, 43 Miss. 140.    By the code of 1857, p. 460, art. 145,
it was provided that when the chancellor should be informed
that the sureties of any guardian were insufficient at the time
the bond was executed, or had become so since, the guardian
should be required to give *additional security*.

In *The State, etc.*, v. *Hull* it was held that the new sureties
taken under that Code were liable both for the subsequent and
precedent acts of the guardian.    By the same article in the
Code of 1857 it was further provided that if the sureties of a
guardian should petition for relief because of apprehended
danger, and a new bond should be required; in that event the
new bond should " only operate for the future, the original
sureties being bound for all past breaches of the first bond."
By the Code of 1871 a change was made in the phraseology of the
law.    If the original bond became insufficient and the court of
its own motion proceeded against the guardian, he was required
to give a " new bond."    If the sureties petitioned for relief he
was to give " another bond," in which case it was declared that
" the sureties on the former bond shall not be liable thereon
except as to all acts of the guardian up to the time of execut-
ing the new bond," and from the Code of 1871 that clause of
the Code of 1857 providing that the " new bond shall only
operate for the future " was omitted.    We think, however,
that the intent and effect of the provisions of the two Codes were
practically the same.    In each, two classes of cases were pro-
vided for; one where the bond already given was for any cause
considered by the chancellor to be insufficient; the other
where the sureties were apprehensive of danger and petitioned
for relief.    In the first class the " additional security " or
" new bond " was required to supplement the old, the two
together making one security for the ward; and in such cases
both the old and new sureties or bonds stood responsible for
any default occurring at any period of guardianship.    In the

other case, each bond was the sole and separate security for a different period of time.

In the case before us the extent of the liability of the sureties on the bond sued on is to be determined the question whether it was executed under sect. 1211 of the Code upon the mere motion of the chancellor, or whether it was made under sect. 1212 upon the petition of the original sureties for relief. There is nothing in the record showing upon what demand the bond was executed, except the decree or order, approving it, in which it is provided that the sureties on the former bond should be discharged from further liability save as to the past acts of the guardian. This order the court should not have made except upon a proceeding instituted by the former sureties for relief, and because under no other circumstances would it have been proper, we must presume that it was made on such petition. From this it results that the new sureties are liable only for defaults of the guardian occurring after the execution of the bond.

The obligation on the bond is not such a demand against the estate of the deceased sureties as is required by law to be presented and probated. *Gordon* v. *Gibbs*, 3 Smed. & M. 473.

The decree is affirmed.