(Hamilton County Common Pleas Court.)

PUMMILL, Guardian, v. BAUMGARTNR et al.

1. *Guardian's bond—Presumption whether new or additional bond.*—Where no other reason is shown for the giving of another bond than that by the journal entry it appears the court ordered a new bond given upon the motion of the guardian, and that such second bond was signed by one of the four original and three different sureties, then the presumption is that such second bond is a new bond under section 6273 R. S., and not an additional one under section 6261 R. S.

2. *Presumption as to time of Defalcation.*—Where the defalcation being discovered on the final settlement is presumed to have occurred during the term of the last bond in the absence of proof showing a prior default.

(Decided December, 1895.)

BUCHWALTER, J.

This cause is submitted upon an agreed statement of facts, including the appearance docket and original entries of the probate court proceedings in the previous guardianship of said Rasche's estate  The action is for $5,345.48, with interest from August 18, 1893, upon the original guardian bond, given December 16, 1879, by Cassimier Bauman as principal, and Jacob Baumgartner, Beatus Schrader, Frank Hoeffer and Philip Dolle as sureties, for $36,000.  On August 20, 1885, said Bauman moved the court for leave to give a *new* bond, which was given, and approved by the court, with Frank Kirchner, Henry Varwig, Henry Ortman and Philip Dolle, as sureties.

March 9, 1889, the court, on the election of the ward (then 15 years old), vacated the appointment of Bauman, and appointed her nominee, Adelaide Rasche, as guardian, and approved her bond in the sum of $14,400, with two sureties.

July 5, 1889, the court finding said Adelaide Rasche's bond to be insufficient, vacated the order appointing her guardian and the order vacating said Bauman's guardianship.

July 5, 1889, Frank Kirchner moves the court to be relieved from liability as surety, and after notice thereof being served it is ordered that said Bauman give a *new* bond, and when it is approved said Kirchner shall be relieved of further liability.

July 8, 1889, Bauman gave a *new* bond, approved by the court, in the sum of $14,400, with Henry Varwig and Henry Ortman as sureties.  The entry recites Bauman's appointment as of December 16, 1879, and does not in terms release the other sureties.

October 31, 1891, Bauman is removed, and the plaintiff herein appointed guardian.  The defalcation of Bauman appears on or after the above date in his inability to pay over the balance due as ordered by the court.

However, it is agreed that on April 15, 1889, (while the giving of additional sureties by Adelaide Rasche as guardian was pending in the probate court), said Casimir Bauman placed in the hands of Mr. Louis J. Dolle, attorney, a check duly certified, for the amount due the estate of said ward, upon a solvent bank of Cincinnati, Ohio, to be given to said succeeding guardian, when she should give a bond satisfactory to the court. * * *

There is here no evidence of defalcation prior to the date of the giving of his last bond.  The inference from the facts as to the giving of the certified check all favor the solvency of Bauman and that he had the

money of his ward's estate in hand, to be applied in the execution of his trust, instead of any loss or conversion of the same.

Section 6261, Revised Statutes provides for the giving of *additional* security, *additional* bonds, and section 6273, Revised Statutes, for the release of former bondsmen, and the giving of *new* bonds.

There is nothing in the facts, nor in the journal entries specifying why the bond of August 20, 1885, was given, other than it was ordered on the motion of the guardian himself; nor as to the character of the bond except that it is called a *new* bond, and except as to Philip Dolle, the sureties are all new or different ones.

The former bondsmen had the statutory right to have a citation issue to the guardian requiring him to give a *new* bond, but if he voluntarily appear, then there is no need of such citation—the court had jurisdiction without it. It being called a *new* bond, the presumption is that it was ordered given under Section 6273; that his bondsmen or a part of them asked to be relieved, and that on such informal request and notice, the guardian voluntarily appeared and gave such *new* bond. The statute specifically directs the release of such requesting bondsmen. Who did request it? As all of them, save Philip Dolle, are omitted from the *new* bond, a reasonable presumption is that all the others requested such release.

The presumption is that it was a *new* bond, substituting new sureties, and not an *additional* bond.

All *requesting* former bondsmen at least were entitled to an order of discharge as to future liability upon the approval of such *new* bond. The statute gave such right to be released. It was not made dependent upon the discretion of the court, nor even upon its order. The law itself released them upon the approval of a *new* bond. Lane v. State, 23 Ind., 108; Spencer v. Houghton, 68 Cal., 86; McWilliams v. Norfleet, 60 Miss., 987; Sayers v. Cassell, et al, 64 Va. 525; Murfree on Official Bonds, Sec. 361; U. S. v. Wardell 5 Mason 82.

Again the entries of July 5 and 8 1889 release specifically Frank Kirchner on the second from further liability upon the approval of the third bond which was specified to be a *new* bond. If the second bond was not a *new* bond, but only an *additional* one, then the surety of both bonds became bound to indemnify any defalcation, and the release of one of them (Kirchner) would release all of them. Dowell v. Gaion, 7 Rec. 273; 3 Bull. 735.

There can be no question but that Kirchner was released by the order of the court from further liability. That being so, it worked the release of all his co-sureties. Murfree on Official Bonds, Sec. 721; People v. Buster, 11 Cal., 215; Spencer v. Houghton, 68 Cal., 86.

The defalcation (being discovered on the final settlement), is presumed to have occurred during the term of the last bond, in the absence of any proof that the same did occur prior thereto. Kelley v. State, 25 O. S., 567; United States v. Earhart, 4 Sayer, U. S. C. C., 245; Alvard v. United States, 13 Blatchford, U. S. C. C., 279. These conclusions make it unnecessary to consider the effect of the vacating order as to the guardianship of Adelaide Rasche.

The sureties on the first bond of Bauman, guardian, are therefore not liable. Judgment for defendants.

L. H. Pummill, attorney for plaintiff.

A. B. Benedict, Louis J. Dolle, and J. D. Brannan, attorneys for defendants.