[No. 10743. Department Two. March 15, 1913.]

OMA GATES, *Appellant*, v. FRANK SHAFFER, *Respondent.*[1]

LIMITATION OF ACTIONS—SEDUCTION — ACCRUAL — DISABILITIES— MINORITY. Since, under Rem. & Bal. Code, § 186, only females over twenty-one years of age may maintain an action for their own seduction, the right of action for seduction while a minor accrues to her when she becomes twenty-one years of age; and not at the age of majority, eighteen years, under § 8743; and the action must be commenced within three years after becoming twenty-one, under § 159, requiring an action for seduction to be begun within three years after the cause accrues, and § 169, providing that, if the per-

[1]Reported in 130 Pac. 896.

son entitled to bring an action be under twenty-one when the cause accrues, the time of the disability shall not be a part of the time limited.

Appeal from a judgment of the superior court for Chehalis county, Sheeks, J., entered April 15, 1912, dismissing an action for seduction, upon sustaining a demurrer to the complaint. Reversed.

*Dan Pearsall* and *A. Emerson Cross*, for appellant.
*James P. H. Callahan*, for respondent.

FULLERTON, J.—The appellant instituted this action against the respondent to recover damages for her own seduction. A demurrer to her complaint was interposed and sustained, and upon her election to stand on the complaint, judgment of dismissal was entered against her. From this judgment, she appeals.

The trial court sustained the demurrer to the complaint on the ground that the action had not been commenced within the time limited by law. It appears from the complaint that the acts of seduction took place in February, 1908; that the appellant reached the age of twenty-one years on March 30, 1911, and that the action was begun by the filing of a complaint on February 1, 1912. The court ruled that the action to be within the statute should have been commenced within three years after March 30, 1908, the time when the appellant, according to the dates given in her complaint, arrived at the age of eighteen years.

The chapter of the code prescribing the period of limitations of action provides that an action for seduction shall be begun within three years after the cause of action accrues. Rem. & Bal. Code, § 159. It also provides that if a person entitled to bring an action mentioned in that chapter shall "be at the time the cause of action accrued, either under the age of twenty-one years, or" under certain other disabilities mentioned, "the time of such disabilities shall not be a part of the time limited for the commencement of the action."

Id., § 169. With reference to the persons who may maintain an action for seduction, the code, after providing that such an action may be maintained by a father, or in case of his death or desertion of his family, by the mother for the seduction of a daughter, and by a guardian for the seduction of his ward, further provides:

"Sec. 186. An unmarried female over twenty-one years of age may maintain an action as plaintiff for her own seduction, and recover therein such damages as may be assessed in her favor; but the prosecution of an action to judgment by the father, mother, or guardian, as prescribed in the preceding section, shall be a bar to an action by such unmarried female."

The code also provides, Id., § 8743.

"Males shall be deemed and taken to be of full age for all purposes at the age of twenty-one years and upwards; females shall be deemed and taken to be of full age at the age of eighteen years and upwards."

It was the opinion of the trial court that the words "twenty-one years" where they occurred in §§ 169 and 186 from which we have quoted should not be construed literally, but rather as meaning "age of majority;" and since a female in this state reaches the age of majority at the end of her eighteenth year, the statute of limitations relating to an action for seduction runs from that period, and not from the end of her twenty-first year as the statute seems to imply.

But we are not able to give the statute this construction. Did the section of the statute relating to personal disabilities stand alone, there would be reason for the holding of the trial judge, since that particular section is general and applies to males as well as females, and to a variety of actions other than actions for seduction. But this is not true of the section last cited. That section applies only to females and only to the action for seduction. It contains the grant of authority to bring such an action. Since at common law a woman who had been seduced could not maintain an action

in damages against her seducer, except perhaps where the relation of guardian and ward existed between the seducer and the seduced, the right to maintain the action in cases like the one before us exists only in virtue of the statute. Being a question of statute solely, the legislature could annex such limitations to the right as it pleased, and since it has provided that such an action can be maintained only by an unmarried female over the age of twenty-one years, we do not think the courts should prescribe a different limitation.

The judgment appealed from is reversed, and the cause remanded with instructions to overrule the demurrer, and proceed to a hearing of the cause upon the merits.

CROW, C. J., MAIN, MORRIS, and ELLIS, JJ., concur.