[No. 17152.   Department Two.   November 8, 1922.]

Blanche Owens, *formerly Blanche McMullen, Respondent*, v. M. R. McMahan, *Appellant.*[1]

Guardian and Ward (33)—Liability on Bond. A guardian's bond renders the surety liable for past as well as future defalcations, where it provided that the guardian shall faithfully discharge the trust and render a fair and just account from time to time as ordered by the court.

Same (33).   In an action on such a bond, defended as to past defalcations on the ground of insolvency of the guardian at the time of the execution of the bond, the presumption of solvency at that time, in the absence of evidence on the subject, is not overcome by proof of insolvency eighteen months thereafter.

Limitation of Actions (48) — Persons Under Disability — Infancy. A ward's action upon the guardian's bond is not barred when the statute of limitations has not run since the ward became of age.

Guardian and Ward (33)—Liability on Bond. Fraud upon the part of the guardian in procuring the guardian's bond is no defense to an action thereon by the ward.

Appeal from a judgment of the superior court for Chelan county, Hill, J., entered May 14, 1921, upon findings in favor of the plaintiff, in an action on a guardian's bond, tried to the court.   Affirmed.

*N. M. Sorenson,* for appellant.

*Barrows & Hanna,* for respondent.

Hovey, J.—Appellant became surety upon a bond given by Charles T. McMullen as guardian of the estate of respondent, on February 16, 1912.   Respondent at that time was a minor and did not become of age until November 22, 1917.   The estate consisted of $1,144.44 in money which McMullen had received on August 31, 1907, from the estate of the mother of re-

[1] Reported in 210 Pac. 200.

spondent. The trial court found that, at the time the bond was given, McMullen had in fact converted the money to his own use, but there is no finding as to whether he was solvent at that time, and as there is no statement of facts the case must be disposed of on the findings. The trial court further found that Mc-Mullen died on October 27, 1913, and at that time he left no solvent estate.

It can be said in support of the judgment that, under several authorities, the provisions of this bond render the bondsmen liable for past as well as future defalcations. This provision reads that the obligor "shall faithfully discharge the office and trust of such Guardian according to law, and shall render a fair and just account of his said guardianship to the superior court for the county of Douglas, state of Washington, from time to time, as he shall thereto be required by said court," and this and similar provisions are held sufficient in the following cases: *State v. Buck,* 63 Ark. 218, 37 S. W. 881; *Knox v. Kearns,* 73 Iowa 286, 34 N. W. 861; *Steele v. Reese,* 14 Yerg. (Tenn.) 263; *Merrells v. Phelps,* 34 Conn. 109; *State v. Stewart,* 36 Miss. 652; *State v. Bilby,* 50 Mo. App. 162.

It was assumed, however, upon the argument that a bondsman would be liable for the prior conversion of funds by his principal if the principal were in fact solvent at the time the bond was given, and the following authority so decides: *Aetna Indemnity Co. v. State,* 101 Miss. 703, 57 South. 980, 39 L. R. A. (N. S.) 961, and this is analogous to the position of a guardian who reports funds as being on hand though previously embezzled. It is held that the sureties on a bond executed at this stage are liable. *Freedman v. Vallie,* 75 S. W. (Tex. Civ. App.) 322; *State v. Bilby,* 50 Mo. App. 162. See, also, *McWilliams v. Norfleet,* 63 Miss.

183. By the giving of the bond, discovery of the defalcation and recovery of the funds which might then be possible are prevented. But it was contended that, inasmuch as the principal in this case was found to be insolvent about eighteen months later, the law would presume him to be insolvent at the time the bond was given. We think that this does not follow. Among the presumptions which will be indulged is that of solvency (22 C. J. 145), and there being no evidence in the record that McMullen was insolvent at the time the bond was given, we must assume that he was solvent at that time.

Appellant further contends that the action is barred by the statute of limitations, but inasmuch as it appears that the period has not run since respondent attained her majority, the bar of the statute would not apply.

The trial court also found that appellant was induced to sign the bond by false representations made to him by his principal, and appellant contends that this constitutes a defense. It is not shown that the respondent took any part in the perpetration of the fraud, even if as a minor she could be held responsible for such conduct, and fraud of the principal alone is not sufficient. 21 R. C. L. 988.

The judgment is affirmed.

PARKER, C. J., MAIN, HOLCOMB, and MACKINTOSH, JJ., concur.