William L. CURLES, Appellant,

v.

Ruth A. CURLES, Appellee.

Ruth A. CURLES, Appellant,

v.

William L. CURLES, Appellee.

Nos. 13390, 13391.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 20, 1956.

Decided Feb. 7, 1957.

Petition for Partial Rehearing Denied Feb. 27, 1957.

Mr. Harry L. Ryan, Jr., Washington, D. C., with whom Messrs. Roger J. Whiteford and John J. Wilson, Washington, D. C., were on the brief, for appellant in No. 13,390 and appellee in No.

13,391. Mr. Duane G. Derrick, Washington, D. C., was also on the brief for appellee in No. 13,391.

Messrs. Walter E. Barton, Washington, D. C., and William R. Fitch, Washington, D. C., for appellee in No. 13,390 and appellant in No. 13,391.

Before EDGERTON, Chief Judge, and PRETTYMAN and WILBUR K. MILLER, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

The parties to this appeal were husband and wife for many years until, at the suit of the wife, they were divorced by a Florida decree in 1946. The court approved a contract between them by the terms of which the wife accepted $4,000.00 in settlement of maintenance and support, and each agreed to join the other, when necessary, in conveying his individually owned property.

During their years together the husband, with the help of his wife, established a moving and storage business and acquired valuable real estate in the District of Columbia. Among the parcels of realty was a warehouse on D Street, which was acquired in 1937, title having been taken in both names as tenants by the entirety. The husband's interest in the property was conveyed to the wife in 1938, after which she was the sole owner of record. After the divorce in 1946, the husband continued to use the warehouse in his storage business, without protest by the wife, until August, 1954. He then sold his entire business and requested the wife to convey the warehouse to the purchaser. She refused to do so and in the following October filed this suit in ejectment to obtain possession of the warehouse and, as permitted by § 16–511, D.C.Code 1951, also sought judgment for mesne profits derived from the husband's use and occupancy thereof from and after the date of the divorce.

The relief sought was later expanded to include a declaration as to the ownership of other properties, including one

sold in 1949 by deed in which the wife joined because, as she alleged, of her husband's fraudulent representation that he had title thereto when in fact it was jointly held.

The trial court awarded possession of the warehouse to Mrs. Curles and gave her judgment for $100.00 per month for its use and occupancy during the three years next before the institution of the action. It held that recovery for the period prior thereto was barred by the statute of limitations.

Both parties appeal. Mrs. Curles says the court erred in applying the statute of limitations as to a part of her claim for the use of the warehouse, and in denying her claim that her husband had fraudulently induced her to join in conveying another piece of property and should be required to account to her for it. The husband appeals from the portions of the judgment which were adverse to him.

The trial judge gave the case careful consideration and we find no error affecting substantial rights.

Affirmed.