Ioannis ZORGIAS and Dimitrios
Velentzas

v.

The SS HELLENIC STAR and
Hellenic Lines, Ltd.

Civ. A. No. 71–1214.

United States District Court,
E. D. Louisiana.

April 26, 1972.

592

Frank S. Bruno, New Orleans, La., for Ioannis Zorgias and Dimitrios Velentizas.

Winston E. Rice*, New Orleans, La., for The SS Hellenic Star and Hellenic Lines, Ltd.

ALVIN B. RUBIN, District Judge.

The complainants, Ioannis Zorgias and Dimitrios Velentzas, both citizens of Greece, here seek damages under the Jones Act and for unseaworthiness against Hellenic Lines Limited, a foreign corporation. The plaintiffs assert jurisdiction under the doctrine of Hellenic Lines Ltd. v. Rhoditis, 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970). See also Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953) and Romero v. Int'l Terminal Operation Co., 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959). The defendants have moved for dismissal on grounds of res judicata, prescription under the Jones Act, and laches.

The plea of res judicata derives from compromise agreements entered into between the defendant and by both plaintiffs and approved by a judge of competent jurisdiction in Greece. Rule 44.1 of the FRCP provides, "The court, in determining foreign law, may consider any relevant material or source, . . . whether or not . . . admissible under Rule 43. The court's determination shall be treated as a ruling on a question of law." To assist in interpretation of these compromise agreements, the defendants have submitted the affidavit of Athanassios N. Yiannopoulos, a professor of law at Louisiana State University, who holds a diploma in law from the University of Thessaloniki, Greece, and who has been admitted to that Bar, and maintains an office in that city. As to the plaintiff Velentzas, he certifies that the "Record of Arrangement," Exhibit A, is the judicial record of a compromise agreement made before and approved by a Justice of the Peace at Pireaus; that this is a regularly constituted court which had jurisdiction over this dispute and was competent to approve the agreement; that "the compromise agreement has the force of a valid contract, and with the Court's approval, the force of a judicial decision," and that it "ought to be given effect in the United States either as a contract or as a judicial decision." The affiant's oath as to the compromise signed by Zorgias is virtually identical.

* Firm of Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La.

Thus, as between the suits in Greece and the present action, there is identity of the tort complained of, and of the parties to the litigation. This Court owes comity to a validly entered judgment of a foreign court where the proceedings were fair and regular, and where that foreign court was an appropriate forum to adjudicate the dispute presented to it. *See* Mpiliris v. Hellenic Lines Ltd., S.D. Tex. 1970, 323 F.Supp. 865, affd. per curiam, 5 Cir. 1971, 440 F.2d 1163; In re Bloomfield Shipping Co., S.D.N.Y. 1969, 298 F.Supp. 1239; Cf. Hilton v. Guyot (1895), 159 U.S. 113, 16 S.Ct. 139, 40 L.Ed. 95; Contra, Tsakonites v. Transpacific Carriers Corp., S.D.N.Y. 1970, 322 F.Supp. 722, but there no evidence by competent persons as to the effect of the court approved settlement was offered, so the Court treated it as if it were equivalent to a court approved compromise in the United States. Here the uncontroverted evidence indicates that that Greek decree has the authority of the thing adjudged.

■ An equally sufficient ground for dismissal of the plaintiffs' claims is the defendant's plea of prescription and laches. The accident occurred on March 21, 1966, and suit was filed more than five years later on April 29, 1971. Plaintiffs argue that the three year prescriptive period could not have run against them because, under the jurisdictional doctrines of the Supreme Court, they had no cause of action until the decision of Hellenic Lines, Ltd. v. Rhoditis, 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252, on June 8, 1970. The Supreme Court there held that Hellenic Lines, Ltd. was a Jones Act "employer"; it maintained its largest office in New York and 95% of its stock was owned by a Greek citizen who was a domiciliary of the United States.

■ This is not a case of *contra non valentem agere nulla currit praescriptio*; rather it is a case where the plaintiff was unwilling "to press his claim when there was authority which indicated he might not prevail [and this] cannot serve to excuse his delay in prosecuting the libel." Akers v. State Marine Lines, Inc., 5 Cir. 1965, 344 F.2d 217; see also McGrath v. Panama R. Co., 5 Cir. 1924, 298 F. 303. Cf. Sgambati v. United States, 2 Cir. 1949, 172 F.2d 297. As stated by Justice Frankfurter in Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 594, 100 L.Ed. 891, "For sound reasons, law generally speaks prospectively." A decision recognizing a right of action two years after the prescriptive period has run does not retroactively interrupt the running of a limitation period. Cf. Tsakonites v. Transpacific Carriers Corp., S.D.N.Y.1970, 322 F.Supp. 722, where a suit *filed and dismissed* prior to the decision in *Rhoditis* was revived after that decision and cf. Chevron v. Huson, 1971, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296, where the court refused to apply retroactively a restrictive statute of limitations.

As to the plea of laches, the result is the same whether the three-year Jones Act limitation period or the one year Louisiana prescriptive period is adopted as an analogy, for the plaintiffs' suit came more than five years after the accident, 35 U.S.C.A. § 56; La.C.C. 2315, 3536. The affidavits effectively demonstrate prejudice; that there are pending claims with respect to others does not erase the fact that no claim was presented by these plaintiffs for five years. The defendants may know where many of the crew are; but surely these witnesses' memories of the facts must be affected by this time.

■ There are two conditions precedent to a successful plea of laches: (1) delay in seeking a remedy on the part of the plaintiff, and (2) prejudice to the defendant resulting from this delay. Gardner v. Panama Railway Company, 1951, 342 U.S. 29, 72 S.Ct. 12, 96 L.Ed. 31. "Although frequently classified as a separate element, the inexcusability of a delay . . . is closely intertwined with the predominent factor of detriment or lack of detriment." Molnar v. Gulf Coast Transit Company, 5 Cir. 1967, 371 F.2d 639, 642; Fidelity & Casualty Company v. C/B MR. KIM, 5

Cir. 1965, 345 F.2d 45; Akers v. State Marine Lines, Inc., 5 Cir. 1965, 344 F.2d 217; Larios v. Victory Carriers, Inc., 2 Cir. 1963, 316 F.2d 63.

"In the *absence of extraordinary circumstances excusing delay and negativing prejudice, passage of time beyond the analogous state statute of limitations is presumed to have caused prejudicial detriment*" to defendant. (Emphasis supplied.) Vega v. SS MALULA, 5 Cir. 1961, 291 F.2d 415, 416; McGrath v. Panama Railway Company, 5 Cir. 1924, 298 F.2d 303; Morales v. Moore-McCormack Lines, 5 Cir. 1953, 208 F.2d 218, 220; McMahon v. Pan-American World Airways, 5 Cir. 1962, 297 F.2d 268. Plaintiffs have not suggested that extraordinary circumstances are present in this case.

"If laches will bar a claim when the libel is filed after the applicable statute of limitations has run unless the delay was both excusable and harmless, it becomes of importance to determine which party bears the burden of proof on the issues of excuse and prejudice." G. Gilmore & C. Black, The Law of Admiralty, p. 632 (1957). In such cases, "the libelant has the burden of showing that he has an excuse for delay and that respondent has not been prejudiced." McMahon v. Pan-American World Airways, 5 Cir. 1962, 297 F.2d 268, 270; Morales v. Moore-McCormack Lines, 5 Cir. 1953, 208 F.2d 218; Vegas v. SS MALULA, 5 Cir. 1961, 291 F.2d 415, 416; United States v. Alex Dussel Iron Works, Inc., 5 Cir. 1929, 31 F.2d 535. In commenting on *Dussel*, Gilmore & Black state, " . . . it is now approved doctrine that a plaintiff who brings suit after the statute has run must plead and prove both his excuse and no prejudice to defendant." G. Gilmore & C. Black, The Law of Admiralty, p. 632 (1957). See also McGrath v. Panama Railway Company, 5 Cir. 1924, 298 F. 303, 304.

The absence of special circumstances excusing plaintiffs' delay in seeking relief in the present litigation clearly appears on the face of the complaint. McDaniel v. Gulf and South American Steamship Co., 5 Cir. 1955, 228 F.2d

189, 192. If, however, the plaintiffs wish to offer evidence to support a contrary conclusion, they will, on motion filed within 10 days, be afforded an opportunity to do so.

For these reasons, the plaintiffs' suit will be dismissed unless, within 10 days, they move for an evidentiary hearing on the issue of laches.