[No. 2459-1.    Division One.    April 21, 1975.]

HALLGREN COMPANY, INC., *Respondent*, v. CORREL, INC., *et al*, *Appellants*.

*Anderson, Hunter, Dewell, Baker & Collins, Julian Dewell, Michelson, Rutter & Gallagher* and *Herman Michelson*, for appellant.

*DeGarmo, Leedy, Oles & Morrison* and *Richard M. Stanislaw*, for respondents.

WILLIAMS, C.J.—This action was brought by Hallgren Company, Inc., against Correl, Inc., and Firstbank Mortgage Corporation to quiet title in a parcel of real estate situated in Snohomish County, which had been sold under a contract of sale. Judgment was entered quieting the title to the vendor's interest in Correl and the vendee's interest in Hallgren. Correl and Firstbank appeal and Hallgren cross-appeals.

The facts are best understood by reference to the diagram which accompanies this opinion.

It will be noted on the diagram that the original owner, A. M. Gray, conveyed three interests in the property: The

first was a sale by real estate contract, recorded December 8, 1960, to McComb Construction Company, Inc. (center column); the second was a mortgage, recorded December

19, 1960, to Benton Realty, Inc. (right column); and the third was by deed, recorded October 19, 1965, to Metropolitan Savings (left column). Hallgren claims the vendee's interest through McComb (center column) and the vendor's interest through foreclosure of the mortgage, which it received by assignment from Benton Realty (right column). Correl claims title in fee simple through Metropolitan Savings (left column), and from the quiet title action, shown in the right column ,which was commenced by Hallgren against Metropolitan Savings.

The trial court found that Correl owned the vendor's interest in the real estate contract, because it was successor to Metropolitan Savings, which acquired that interest from A. M. Gray by deed. Further, the court found that Hallgren's mortgage foreclosure action, shown in the right column, did not affect the chain of title from Metropolitan Savings, because it was not a party to the foreclosure action. The court then found that Hallgren was the owner of the vendee's interest in the real estate contract, because it was successor to McComb (center column). These findings were carried into the judgment and form the basis for the issues on the appeal and cross-appeal. We agree with the resolutions of the trial court.

■ Hallgren's principal challenge to Correl's ownership of the vendor's interest, shown in the left column, is based upon the mortgage foreclosure, shown in the right column. This foreclosure action was commenced against A. M. Gray on February 25, 1966. At that time, Metropolitan Savings had title because of the Gray deed, which had been recorded on October 19, 1965. As seen, the deed was subject to the contract vendee's interest and the mortgage lien. Metropolitan Savings was a necessary party in the mortgage foreclosure action because it was the owner of the legal title to the land. *James v. Brainard-Jackson & Co.*, 64 Wash. 175, 116 P. 633 (1911); *Schlarb v. Castaing*, 50 Wash. 331, 97 P. 289 (1908); *California Safe Deposit & Trust Co. v. Cheney Elec. Light, Tel. & Power Co.*, 12 Wash. 138, 40 P. 732 (1895). Since Metropolitan Savings was not made a

party to the foreclosure action, its interest and that of its successors, ultimately Correl, was not affected by it.

Counsel for Hallgren argues that the chain of title descending from Metropolitan Savings, as shown in the left column, was somehow disrupted to its benefit by the quitclaim deed from Cedarview to Metropolitan Savings (left column). There is a copy of that deed in the record, but its purpose is not explained. However, whatever interest Metropolitan Savings acquired by the deed was extinguished in the quiet title action, which is also shown in the left column. The record demonstrates that the trial court was correct in determining that Correl was the successor in interest of the vendor named in the real estate contract.

The principal challenge which Correl makes to Hallgren's interest in the real estate contract arises from the quiet title action (right column), which Hallgren brought against Metropolitan Savings on September 13, 1968. Hallgren's complaint in that action alleged that Metropolitan Savings was the record owner of the property, but that it, Hallgren, had acquired paramount title by judgment in the mortgage foreclosure action against A. M. Gray (right column). The complaint also asserts title via the real estate contract, which is shown in the center column. By stipulation, the action was dismissed with prejudice and without cost. In the case at hand, the court found on substantial evidence that Metropolitan Savings paid Hallgren the amount owing on A. M. Gray's mortgage in settlement of that quiet title action. Correl contends that the dismissal with prejudice of Hallgren's quiet title action established clear title in Metropolitan and, hence, in it as successor in interest.

RCW 7.28 provides for actions to quiet title. The effect of a judgment authorized in that chapter is stated in RCW 7.28.260, which reads, in part, that

the judgment rendered therein shall be conclusive as to the estate in such property and the right of possession thereof, so far as the same is thereby determined, upon all persons claiming by, through, or under the party against whom the judgment is rendered, . . .

Of course, nothing was "thereby determined" by the judgment dismissing the action with prejudice. The judgment of dismissal did, however, raise the question of the application of the doctrine of res judicata. The applicable rule is set out in *Sanwick v. Puget Sound Title Ins. Co.*, 70 Wn.2d 438, 441, 423 P.2d 624, 38 A.L.R.3d 315 (1967), as follows:

> This court from early years has dismissed a subsequent action on the basis that the relief sought could have and should have been determined in a prior action. The theory on which dismissal is granted is variously referred to as res judicata or splitting causes of action. *Currier v. Perry*, 181 Wash. 565, 44 P.2d 184 (1935); *Sayward v. Thayer*, 9 Wash. 22, 36 Pac. 966, 38 Pac. 137 (1894).

■ There are two reasons why the doctrine of res judicata is not available to Correl insofar as Hallgren's right to the vendee's interest is concerned. The first is that the doctrine is an affirmative defense which must be pleaded. CR 8(c). It was not. The second is that the quiet title action, which Hallgren brought against Metropolitan Savings, was for the purpose of establishing Hallgren's title both through the mortgage foreclosure of the vendor's interest, shown in the right column, and the vendee's interest, shown in the center column. As has heretofore been seen, Metropolitan Savings was not affected by the mortgage foreclosure. Had the defense of res judicata been pleaded, there is not much question, but that it would be good against Hallgren's claim that it now owned the vendor's interest in the contract on the property. As to the vendee's interest, however, Metropolitan Savings never did have a legitimate claim to that. The contract selling the property to McComb was recorded on December 8, 1960, and a lien notice was filed on September 19, 1962. In its complaint in the quiet title action against Metropolitan Savings, Hallgren simply recited the facts of the lien foreclosure against McComb and stated that Metropolitan Savings claimed an interest in the property, which, of course, it did. The quiet title action could not create a vendee's inter-

est in the contract in Metropolitan Savings. This interpretation is borne out by the testimony in the record and the conduct of the parties. As noted, the action was settled by Metropolitan Savings paying Hallgren the apparent amount due on the mortgage. The trial court was correct in deciding that the dismissal of the quiet title action with prejudice did not affect Hallgren's vendee's interest in the contract.

Correl asserts that the dismissal of the quiet title action with prejudice left a public record which led people to conclude that its title in the property as against Metropolitan Savings had been extinguished, and, therefore, Hallgren is estopped from successfully claiming any right, title, or interest in the property. This would be plausible if it were not for the recorded real estate contract and the lien foreclosure proceedings. With these in the public record, the effect of the judgment of dismissal with prejudice is equivocal, to say the least. A person searching the title would not have the right to rely on that judgment as creating clear title in Metropolitan Savings. *Peterson v. Paulson*, 24 Wn.2d 166, 163 P.2d 830 (1945); *McVean v. Coe*, 12 Wn. App. 738, 532 P.2d 629 (1975).

Correl also raises the question of laches in connection with the length of the lien foreclosure proceedings, shown in the center column. The evidence is that Hallgren delayed seeking judgment and execution thereon so that two prior judgments, which were liens against the property, would expire. As the trial court found, this was a valid reason for not moving promptly. Moreover, because Correl did not plead the defense of laches, it may not be successfully argued now. CR 8(c).

Correl complains that the judgment in this case grants Hallgren possession of the property, although there are no findings that it should have possession. We believe that the court's finding that Hallgren was the owner of the vendee's interest is sufficient to establish its right to possession. The contract so provides, and it would serve no useful purpose

to remand the cause for entry of a supplemental finding.· Hallgren complains because the court determined that there was insufficient proof to make a finding on damages. The record supports that determination.

The judgment is affirmed.

FARRIS and JAMES, JJ., concur.