[No. 43483. En Banc. April 24, 1975.]

DIANNE STEPHENS, *Appellant*, v. JAMES STEPHENS, *Respondent*.

*McCormick, Hoffman, Rees & Arnold,* by *Paul Hoffman, Jr.,* for appellant.

*Gordon, Thomas, Honeywell, Malanca, Peterson, O'Hern & Johnson,* by *Warren R. Peterson* and *Joe Gordon, Jr.,* for respondent.

UTTER, J.—In October 1973, plaintiff/appellant Dianne Stephens filed suit against her ex-husband, defendant/respondent James Stephens, for injuries she received as a passenger in an automobile driven by him in an accident which occurred in October 1969, while the two were married. The trial court granted the defendant's motion for summary judgment, ruling that the statute of limitations had run on her claim. We reverse the trial court, and hold that the statute did not run because it was tolled until appellant reached her twenty-first birthday in April 1971.

The only relevant facts in this appeal are the dates of the several incidents and legal events alleged by the parties to be determinative of the commencement of the limitations period on appellant's claim. The dates are not disputed. Plaintiff and defendant were married on August 31, 1969, and the accident in which plaintiff was injured occurred on

October 12, 1969. On May 14, 1970, an amendment to RCW 26.28.010 became effective giving 18-year-olds the right to sue and be sued.[1] On October 8, 1970, the defendant husband reached his twenty-first birthday. Plaintiff reached her twenty-first birthday on April 30, 1971. On August 9, 1971, RCW 4.16.190 was amended changing the age for tolling the statute of limitations from 21 to 18.[2] Plaintiff and defendant were divorced June 2, 1972. This court decided *Freehe v. Freehe*, 81 Wn.2d 183, 500 P.2d 771 (1972) on August 31, 1972, eliminating interspousal tort immunity in this state. Plaintiff filed suit against the defendant on October 12, 1973.

The trial court held the limitations period began to run on May 14, 1970, the effective date of the amendments to RCW 26.28.010, giving 18-year-olds the right to sue and be sued as adults. Appellant contends it did not begin then because she could not have brought suit at that time, as the long-standing doctrine of interspousal tort immunity barred her from suing her husband while she was married

[1] As amended by Laws of 1970, 1st Ex. Sess., ch. 17, § 1, p. 145, the section read:

All persons shall be deemed and taken to be of full age for all purposes at the age of twenty-one years and upwards except as hereafter provided. All persons shall be deemed and taken to be of full age and majority for the specific purposes hereafter enumerated at the age of eighteen years and upward:

. . .

(6) To sue and be sued on any action to the full extent as any other adult person in any of the courts of this state, without the necessity for a guardian ad litem.

In 1971, a further amendment transferred this provision, substantially unchanged, to RCW 26.28.015.

[2] As amended by Laws of 1971, 1st Ex. Sess., ch. 292, § 74, p. 1653, the section reads:

If a person entitled to bring an action mentioned in this chapter, except for a penalty or forfeiture, or against a sheriff or other officer, for an escape, be at the time the cause of action accrued either under the age of eighteen years, or insane, or imprisoned on a criminal charge, or in execution under the sentence of a court for a term less than his natural life, the time of such disability shall not be a part of the time limited for the commencement of action.

The amendment simply added the word "eighteen" in place of "twenty-one."

to him. She argues her cause of action against her then-husband did not "arise" until the *Freehe* decision (or at least until the parties' divorce, which may have "vitiated" the immunity—*Manion v. Pardee*, 79 Wn.2d 1, 482 P.2d 767 (1971)) because it was precluded by ruling case law, and that where an action against a defendant is so prohibited the statute of limitations on it must be held impliedly tolled.

■ We are not persuaded that a judicial doctrine like that dispensed with in *Freehe* is the same as a positive rule of law such as was involved in *Seamans v. Walgren*, 82 Wn.2d 771, 514 P.2d 166 (1973), on which appellant relies. *Seamans* held that the statute of limitations was tolled on a claim against a legislator barred by Washington Const. art. 2, § 16, which provides that legislators "shall not be subject to any civil process during the session of the legislature, nor for fifteen days next before the commencement of each session." Where such a constitutional or statutory obstacle to bringing suit is legislatively removed, it has been held that the statute runs on from the date of amendment lifting the bar. *Mallard v. State*, 194 So. 447 (La. Ct. App. 1939); *Riesberg v. State*, 40 Misc. 2d 676, 243 N.Y.S.2d 887 (1963). A few courts have reached a similar result where there is a similar change in court-made law. *See, e.g., United States v. One 1961 Red Chevrolet Impala Sedan*, 457 F.2d 1353 (5th Cir. 1972). Appellant would have us follow these cases. The majority and, we think, better rule, however, is that the statute is not tolled by the existence of adverse decisional law. *Akers v. State Marine Lines, Inc.*, 344 F.2d 217, 220 (5th Cir. 1965); *Zorgias v. SS Hellenic Star*, 370 F. Supp. 591 (E.D. La. 1972).

Any other holding would create serious problems. As pointed out in *In re Estate of Horman*, 5 Cal. 3d 62, 71, 485 P.2d 785, 95 Cal. Rptr. 433 (1971):

> Under claimants' tolling theory, whenever a precedent was overturned recognizing a right of action theretofore denied by case law, all persons who had been aggrieved between the decision of the precedent case and the deci-

sion of the overruling case could then file suit, no matter how many years had elapsed between. Such a proposition cannot be sustained.

For similar reasons in *Versluis v. Haskell*, 154 F.2d 935, 943 (10th Cir. 1946), the court reached the same conclusion, stating:

> The only sure way to determine whether a suit can be maintained to a successful result is to try it. The applica- tion of the statute of limitations cannot be made to de- pend upon the constantly shifting state of the law, and a suitor cannot toll or suspend the running of the statutes by relying upon the uncertainties of controlling law. It is incumbent upon him to test his right and remedy in the available forums.

In addition to these considerations, we feel we are bound by the *Freehe* decision itself to reject appellant's argument. Appellant's position is that the limitations period should be held to have been tolled while interspousal suits were disallowed. Although the issue was never before de- cided in this state, it does appear to have been the common law that the statute does not run on interspousal claims barred by the traditional immunity rule. *Curles v. Curles*, 241 F.2d 448 (D.C. Cir. 1957); *Linker v. Linker*, 28 Colo. App. 131, 470 P.2d 921 (1970); *Shapiro v. Shapiro*, 424 Pa. 120, 224 A.2d 164 (1966); *Fawcett v. Fawcett*, 85 Wis. 332, 55 N.W. 405 (1893). But if we would have followed this rule while interspousal immunity was still the law, *Freehe* has eliminated that immunity, and has done so retroac- tively. *Freehe* held not only that immunity would not exist in future suits, but also that it did not exist on previously- arisen suits such as Mrs. Freehe's, and such as appellant's. It must follow, then, that any tolling of the statute of limitations which may once have been allowed was elimi- nated by *Freehe*, and the tolling was eliminated retroac- tively, just as was the immunity. Appellant cannot benefit from the old tolling rule, any more than respondent can take advantage of the once-existing rule of interspousal immunity from which it stemmed.

Thus we hold that appellant could and should have filed

suit despite the unfavorable pre-*Freehe* case law, and that the apparent improbability of success did not remove her responsibility to do so under the statute of limitations. This determination does not dispose of this appeal, however. The further question remains whether the statute of limitations was tolled not by interspousal immunity, but appellant's minority or the inability to sue resulting therefrom. As noted above, the trial court held that when RCW 26.28.010 was amended in May 1970 to give 18-year-olds the right to sue and be sued, the statute began to run on appellant's claim. This holding was in spite of RCW 4.16.190, which provided, until August 1971, that when a potential plaintiff was "at the time the cause of action accrued either under the age of twenty-one years . . . the time of such disability shall not be a part of the time limited for the commencement of action." The trial court held, and respondent argues, that this specific provision was "impliedly repealed" by the change in the age of majority for capacity to sue in 1970. We do not agree.

Statutes are impliedly repealed by later acts only if "(1) the later act covers the entire subject matter of the earlier legislation, is complete in itself, and is evidently intended to supersede prior legislation on the subject; or (2) the two acts are so clearly inconsistent with, and repugnant to, each other that they cannot be reconciled and both given effect by a fair and reasonable construction." *In re Chi-Dooh Li*, 79 Wn.2d 561, 563, 488 P.2d 259 (1971). The tolling of the statute of limitations is ordinarily ancillary to the legal disability to sue, but the two legal principles are not so inextricably related that the statute granting the ability to sue can be said to "cover the entire subject matter" of the tolling statute. Nor were the two sections, as they read between 1970 and 1971, incapable of reconciliation. Although it may seem anomalous to grant a power to sue while not withdrawing an exemption from the limitations requirements, it is not impossible. Inability to sue is one reason for statutory and common-law rules tolling the limitations period, but it is not the only reason. Collateral

policies, unrelated to capacity to bring suit, may justify tolling provisions. *See, e.g., Hampton v. Hampton Holding Co.,* 17 N.J. 431, 111 A.2d 761 (1955) (discouraging interspousal law-suits); *Cary v. Cary,* 159 Ore. 578, 80 P.2d 886, 121 A.L.R. 1371 (1938) (same).

The legislature may have had some such policy reason for failing to amend RCW 4.16.190 in 1970. Even though the delay in amendment may have been the result of oversight rather than positive policy, we cannot conclusively determine that it was so, and we cannot, therefore, imply a repeal or amendment where there was none. Nor can we accept respondent's contention that the statutory scheme as so construed would be so irrational as to constitute a grant of special privileges and immunities in contravention of Const. art. 1, § 21. The tolling of the statute was a permissible recognition of the need for special protection of minor plaintiffs before 1970, even though such minors could bring suit through a guardian ad litem. The same considerations justify the differential treatment provided persons under 21 but capable of suing in their own right after 1970.

Respondent argues, however, that even if RCW 4.16.190 was not impliedly amended in May 1970, his attainment of the age of majority in October of that year caused the appellant, then his wife, to be "deemed and taken to be of full age" under former RCW 26.28.020,[3] and thereby ended the tolling period. Again, such a result would follow if inability to sue were the only criterion in determining whether a tolling statute was applicable; but, again, it is not. RCW 4.16.190 does not refer to the inability to sue, nor generally to persons under "the age of majority," as did the statutes involved in cases respondent cites in his support. It referred, until August 1971, to persons "under the age of twenty-one years," and this specific and literal language must prevail over the general declaration in RCW 26.28.010.

[3]In 1970, RCW 26.28.020 provided:

"All females married to a person of full age shall be deemed and taken to be of full age." In 1973, the section was amended to apply to "all minor persons" instead of "all females."

All courts faced with statutes which, like RCW 4.16.190, use a particular age rather than a general status as the measure of the tolling period, have held that such provisions control despite general "age of majority" laws. *Tavernier v. Weyerhaeuser Co.*, 309 F.2d 87, 91 A.L.R. 1268 (9th Cir. 1962); *Gifford v. Saunders*, 207 Kan. 360, 485 P.2d 195 (1971). We follow these cases. Whatever the reason of the statutory tolling scheme may be, its specific and precise standards cannot be ignored.

For these reasons, we hold that the statutory tolling period ended and the limitations period on appellant's claim began to run when, and only when, she reached her twenty-first birthday on April 30, 1971. Her service of the summons and complaint on the respondent in October 1973 was therefore well within the 3-year statute of limitations period applicable to actions of this type. RCW 4.16.080(2). The trial court's grant of summary judgment to the defendant is reversed and the case is remanded to that court for further proceedings.

STAFFORD, C.J., and FINLEY, HAMILTON, BRACHTENBACH, and HOROWITZ, JJ., concur.

ROSELLINI, J. (dissenting in part)—The legislature in 1970 amended RCW 26.28.010 to read:

> All persons shall be deemed and taken to be of full age for all purposes at the age of twenty-one years and upwards except as hereafter provided. All persons shall be deemed and taken to be of full age and majority for the specific purposes hereafter enumerated at the age of eighteen years and upward:
>
> . . .
>
> (6) To sue and be sued on any action *to the full extent as any other adult person* in any of the courts of this state, without the necessity for a guardian ad litem.

(Italics mine.) Laws of 1970, 1st Ex. Sess., ch. 17, § 1, p. 145. In enacting this provision, the legislature removed the disability which had heretofore existed with regard to persons over the age of 18 and under the age of 21.

"To the full extent as any other adult person" is a phrase

which must, in my judgment, mean: having all of the rights and being subject to all the defenses that would attach if an adult were bringing the action. Such a defense is the statute of limitations.

RCW 4.16.190 was not amended until 1971. In 1970 it provided that when a potential plaintiff was, at the time the cause of action accrued, under the age of 21 years, the time of such disability should not be a part of the time limited for the commencement of the action.

The purpose of this statute was to toll the limitation statute during the period of disability owing to infancy. It is the only purpose of such statutes. *See Vance v. Vance*, 108 U.S. 514, 27 L. Ed. 808, 2 S. Ct. 854 (1883), cited and quoted by this court in *Schlarb v. Castaing*, 50 Wash. 331, 97 P. 289 (1908). The case of *Owens v. McMahan*, 122 Wash. 191, 210 P. 200 (1922), reveals the understanding of this court that it was the legislative purpose to toll the statute of limitations until the plaintiff reaches majority. The act itself expressly refers to the *period of disability* as the time during which the statute shall be tolled.

This is in accord with the general rule as stated in 54 C.J.S. *Limitations of Actions* § 235 (1948), that under the various statutes, limitations do not run against infants during their minority. The corollary of that rule as stated in the encyclopedia is that, in general, the statute of limitations begins to run against the infant when he attains his majority.

After the amendment of RCW 26.28.010, by which 18-year-olds were given the right to sue and be sued, the age of 21 years had no further relevance to the disability incident to infancy.

While it is admittedly the rule that implied repeals are not favored, there is no conclusive presumption that the legislature intended an earlier statute, in apparent conflict with a later statute, to remain in full force and effect. The fundamental object of judicial interpretation or construction is to ascertain and give effect to the legislative intent.

*Greenwood v. State Bd. for Community College Educ.*, 82 Wn.2d 667, 513 P.2d 57 (1973).

The majority assumes that an implied repeal can be found only if it were impossible for the legislature to grant a power to sue without making the right of action subject to the statute of limitations. I do not so understand the rule. If the two acts are in conflict and cannot reasonably be harmonized in a manner consistent with the manifested legislative purpose, the proper course for the court is to find that an implied repeal has been effected.

The purpose of the 1970 amendment of RCW 26.28.010 was to remove the disability to sue and be sued of persons over the age of 18 and under the age of 21. That purpose can be given proper effect only if we hold that RCW 4.16.190 was amended by implication, so that thereafter the words "21 years" meant "age of majority" as defined by the legislature.

In *Gates v. Shaffer*, 72 Wash. 451, 130 P. 896 (1913), this court held that a statute providing that an unmarried female over 21 years of age might maintain an action as plaintiff for her own seduction must be construed literally since it was a specific statute pertaining to a specific cause of action. The trial court in that case had held that the words "21 years" should not be construed literally but rather as meaning "age of majority." It had reasoned that, since a female in this state reached the age of majority at the end of her 18th year, the statute of limitations relating to an action for seduction should run from that time. In rejecting this rationale as applied to the particular statute under consideration there, this court said that were the statute a general statute (as is the statute in this case), it would be inclined to follow the trial court's interpretation. While the statement was dictum, I believe the idea expressed was sound. The court recognized there that it is not unreasonable for a court to construe the words "21 years," when used in a statute, as meaning the age of majority. That is the

interpretation which is required if the legislative purpose is to be given effect in this case.

I agree with the majority opinion insofar as it holds that the doctrine of interspousal immunity did not operate to toll the statute. I would hold that when the 1970 amendment to RCW 26.28.010 was enacted, the statute of limitations began to run on the plaintiff's claim. I would therefore sustain the trial court's judgment in dismissing the action.

HUNTER and WRIGHT, JJ., concur with ROSELLINI, J.