ALMON, Justice.
The United States District Court for the Middle District of Alabama, Eastern Division, certified the following question to this court. Rule 18, Alabama Rules of Appellate Procedure: Does the one-year statute of limitations run against a married male between the age of 18 and 21?[1] We hold that it does.
The appellant, Thornton, was injured on July 1, 1968, while working with a forage blower. His injury was allegedly proximately caused by the negligent manufacture and distribution of the forage blower by the appellees, Badger Northland, Inc., and Southeastern Silo Company. At the time of the accident, the appellant was 14 years old. He became 18 years old on August 12, 1971. On October 15, 1972, appellant was married, and on August 12, 1974, he became 21 years of age. On June 23, 1975, he filed a complaint for his personal injuries. The filing of the complaint thus occurred within a one-year period after the plaintiff reached 21 years of age but after the expiration of a one-year period following his becoming a married 18-year-old.
Tit. 7, § 26, Code of Alabama 1940, Recompiled 1958, provides for a one year statute of limitations:
“The following must be commenced within one year: . . . Actions for any injury to the person . . . .”
An exception to this provision is found in Tit. 7, § 36, Code, supra:
“§ 36. Additional time allowed infants, etc. — If any one entitled to bring any of the actions enumerated in this chapter, or to make an entry on land, or defense founded on the title to real property, be, at the time such right accrues, within the age of twenty-one years, or insane, or imprisoned on a criminal charge for any term less than for life, he or she shall have three years, or the period allowed by law for the bringing of such action if it be less then three years, after the termination of such disability to bring suit, or make entry or defense; but no disability shall extend the period of limitations so as to allow such action to be commenced or entry or defense made, after the lapse of twenty years from the time the cause of action or right accrued.” (Emphasis added.)
The specific question before us is whether Tit. 34, § 76(1) Code, supra, alters the ex *945 ception extended to “any one . . . within the age of twenty-one years . .
“§ 76(1). Married men and widowers over eighteen years relieved of disabilities of minority. — The marriage of any male person in this state, who is under twenty-one and over eighteen years of age, or any male person who becomes a widower in this state, who is under twenty-one and over eighteen years of age, or, at the arrival at the age of eighteen years of any married male person, or widower in this state, has the effect immediately to remove his, or their disabilities of minority ; and thereafter he has the same legal rights and abilities as married male persons, or widowers over twenty-one-years of age.
“This section shall apply to a person who married before the effective date, but shall not abrogate any defense or abridge any remedy available to him pri- or to such date.” (Emphasis supplied.)[2]
Cf. Tit. 27, § 17, Code, supra.
Appellant has presented in brief several cases from other jurisdictions where courts have held that the marriage of a party between 18 and 21 does not affect the “within the age of twenty-one years” exception to the running of the statute of limitations. E. G., Tavernier v. Weyerhaeuser Co., 309 F.2d 87, 91 A.L.R.2d 1268 (9th Cir., 1962); Edmonds v. Union Pacific Railroad Co., 294 F.Supp. 1311 (D.Kan., 1969); Gifford v. Saunders, 207 Kan. 360, 485 P.2d 195 (1971); Jones v. Hartford Accident & Indemnity Co., 132 Ga.App. 130, 207 S.E.2d 613 (1974); Stephens v. Stephens, 85 Wash.2d 290, 534 P.2d 571 (1975). (For an annotation on the subject, see 91 A.L.R.2d 1272, including the Later Case Service.)
The statutes dealt with in each of these cases are distinguishable from our married man’s statute (Tit. 34, § 76(1)). In Tavernier, Edmonds, and Gifford (Edmonds and Gifford deal with the same statute), the “within the age of 21 years” exception was held not to be affecl-J by deeming married persons to be of the “age of majority.” In Jones the statute gave married 18-year-olds the right to “maintain an action and contract to settle claims in his own name”, and in Stephens the statute gave 18-year-olds, whether married or not, the right to “sue and be sued on any action to the full extent as any other adult person . . . .”
In contrast our married man’s statute not only removes the “disabilities of minority,” but also specifies that “thereafter he has the same legal rights and abilities as married male persons . . . over twenty-one years of age.” Our task is to determine the intent of the legislature. With our statute we are not left with the question of whether the legislature meant “twenty-one years of age” to mean the same thing as “age of majority” or “disabilities of minority.” It went on to use the exact terms, “twenty-one years of age.”
Furthermore, from the last sentence in Tit. 34, § 76(1), the legislature clearly realized that the statute could abridge possible remedies, as it provided that it should apply to one who married before the effective date of the statute, but “shall not . abridge any remedy available to him prior to such date.”
Appellant would have us limit the wording of the statute because Tit. 7, § 36, may not be the only statute affected. He argues that it would also affect Tit. 61, §§ 1 and 2 which allow “[ejvery person of the age of twenty-one years” to will real estate, and “persons over the age of eighteen years” to will personalty, respectively; Tit. 47, § 154(1) the Uniform Gifts to Minors Act, which defines a minor as a person “under the age of 21;” and Tit. 14, § 17(1) which prior to Tit. 27, § 28 (see footnote 1) made it unlawful for a person “under 21 years of age” to purchase alcoholic beverages. While we refrain from indicating what, if any, effect this decision will have on the above statutes, we do note that a distinct difference may exist between the civil statutes of Tit. 61 and Tit. 47, and the criminal statutes in Tit. 14. See Coker v. State, 91 Ala. 92, 8 So. 874 (1890).
*946 In Randolph v. Kessler, 275 Ala. 73, 152 So.2d 138 (1963) this court concluded that a married man over 18 is not required to defend by next friend (Tit. 7, § 102), but rather, may defend in his own name.[3] This court held in Lee v. Wood, 85 Ala. 169, 4 So. 693 (1887) and Spann v. First Nat. Bank of Montgomery, 240 Ala. 539, 200 So. 554 (1941), that statutes of limitations run against an infant who has had a guardian appointed for him capable of acting.
“As a general rule, statutes of limitations do not run against those laboring under a personal liability, such as infancy, —Code [of 1886], § 2624 [now Tit. 7, § 36].
“This rule, however, does not apply to infants, or other persons disabled, who have a trustee capable of suing.” Lee v. Wood, 85 Ala. at 170, 4 So. at 693.
We similarly see no reason why the statute of limitations should not run against a married man when he has the right to sue in his own name. Cf. Stephens, supra.
We hold, based on Tit. 34, § 76(1), that the one-year statute of limitations runs against a married man between the age of 18 and 21. •
QUESTION ANSWERED.
All the Justices concur.

. Tit. 27, § 28, Code Of Alabama 1940, Recompiled 1958, 1975 Interim Supplement, providing that “laws which read ‘under the age of twenty-one years’ hereafter shall read ‘under the age of nineteen years,’ ” is inapplicable to this case.

. A similar provision for married women is found in Tit. 34, § 76, Code, supra.

. For a married woman, see Hays v. Bowdoin et al., 159 Ala. 600, 49 So. 122 (1909).